**Raymond Y. BARTLETT, Plaintiff,**

v.

**HUDSON HOSIERY CO., Defendant.**

Civ. No. 60-C-243.

United States District Court
E. D. New York.

April 25, 1960.

F. Matthew Buermann and Jordan M. Iserman, Huntington, N. Y., F. Matthew Buermann, Huntington, N. Y., of counsel, for plaintiff.

Casey, Lane & Mittendorf, New York City, Robert P. Beshar, New York City, of counsel, for defendant.

BARTELS, District Judge.

This is an action by plaintiff, a resident of Suffolk County, New York, for breach of an employment agreement against defendant, a North Carolina corporation, originally instituted in the New York Supreme Court, Suffolk County, and removed by defendant to this Court. Plaintiff now moves to remand upon the ground that defendant is doing business within the State and is present within the Southern District of New York. As stated by the Court upon the argument, plaintiff has confused venue with jurisdiction. Section 1332(c) of Title 28 of the United States Code specifically provides that for the purposes of that Section and Section 1441 of the same Title (pertaining to removability of actions) "a corporation shall be deemed a citizen

1

of any State by which it has been incorporated and of the State where *it has its principal place of business.*" (Emphasis added.) Section 1391 of the same Title deals with venue and provides in subdivision (c) that a corporation may be sued "in any judicial district in which it is incorporated or licensed to do business or *is doing business,* and such judicial district shall be regarded as the *residence of such corporation for venue purposes.*" (Emphasis added.)

 Jurisdiction of this Court is determined by Sections 1331 and 1332 of Title 28 of the United States Code and venue is determined by Section 1391 of the same Title. For the purpose of diversity, defendant is a citizen of North Carolina and of the State where it has its principal place of business. This Court is divested of jurisdiction against a foreign corporation only when that corporation has its principal place of business within the State of New York. Having acquired jurisdiction, the question of residence of a foreign corporation will determine only the judicial district of the Federal Court within which the action should be brought. Thus the distinction between citizenship and residence must be observed.

In this case no evidence whatsoever has been adduced to indicate that the principal place of business of the defendant corporation is within the State of New York. Consequently, this Court has jurisdiction of the action based upon diversity. It is true that the corporation is doing business within the State of New York but this fact does not deprive the Court of its diversity jurisdiction; it simply subjects the foreign corporation to suit in the district. Since under Section 1391 a civil action may be instituted "in the judicial district where all plaintiffs or all defendants reside" and since the plaintiff resides in this district, it is immaterial whether the defendant resides in the Eastern or Southern District of New York. Obviously, the venue of the present action is proper. The cases cited by plaintiff are inopposite.

Motion to remand to the Supreme Court, Suffolk County, New York, is hereby denied. Settle order on two days' notice.